IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEPHEN ANTHONY BAUDOIN, #166577**         **PLAINTIFF**

**VERSUS**         **CIVIL ACTION NO.  2:11-cv-15-KS-MTP**

**DAVID MILLER**         **DEFENDANT**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Baudoin, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi filed this *in forma pauperis* Complaint pursuant to 42 U.S.C. § 1983, on January 24, 2011.  The named Defendant is David Miller, Major at Marion-Walthall County Correctional Facility.  Upon liberal review of Plaintiff's Complaint [1], and Response [8], the Court has reached the following conclusions.

### Background

Plaintiff complains that when he was incarcerated at the Marion- Walthall County Correctional Facility, Major Miller "took away all shaving razors." Resp. [8] at 1.  Plaintiff states that starting in September of 2010, he was not allowed to purchase shaving razors but instead was required to utilize hair clippers for shaving.  Plaintiff complains that he was required to share the hair clippers with other inmates, and although he was provided with a spray bottle of rubbing alcohol to clean the hair clippers, he speculates that such cleaning is "not going to stop [him] from catching a deadly disease." *Id.* at 1-2.  However, Plaintiff also states that "sometimes [he] may luck up and get to buy a shaving razor from a trustee but its

not all the time." *Id.* In response to the Court's inquiry regarding any possible injury that has resulted from the Defendant's alleged actions, Plaintiff states that he has "to be untidy because of this matter.  Also loss of hygiene and self-appearance." *Id.* at 2.  Plaintiff filed a notice [13] of change of address on May 2, 2011, indicating that he was no longer incarcerated at the Marion-Walthall County Correctional Facility.  As relief in this action, Plaintiff is requesting monetary damages.  Comp. [1], at 4.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   The Court has permitted the Plaintiff to proceed *in forma pauperis* (IFP) in this action, thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).[1]

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).  For the reasons stated below, the Court has determined that Plaintiff's

---

[1] Plaintiff was granted *in forma pauperis* status on February 16, 2011.

allegations do not rise to the level of a constitutional deprivation.

The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). With that said, a prisoner does not have a right to a comfortable prison and only those deprivations which deny "the minimal civilized measure of life's necessities" are actionable in a § 1983 suit. *Wilson v. Seiter*, 501 U.S. 294, 289 (1991)(internal citations omitted).

According to the Plaintiff, he was required to use shared hair clippers with limited access to shaving razors from September 2010 to April 22, 2011,[2] resulting in him feeling untidy. It does not appear that Plaintiff has contracted any deadly diseases or otherwise physically suffered from this situation. The Court concludes that limited access to shaving razors during Plaintiff's incarceration at the Marion-Walthall County Correctional Facility does not violate the United States Constitution.

## Conclusion

As explained above, Plaintiff's allegations do not amount to a constitutional deprivation. Consequently, this § 1983 action will be dismissed with prejudice, as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## Three-strikes

Because this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). If the Plaintiff receives "three strikes"

---

[2]Plaintiff signed his notice [13] of change of address on April 22, 2011.

he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the 9th day of May, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE